**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000909
30-JUN-2017
08:06 AM**

NO. CAAP-14-0000909

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR
THE CERTIFICATEHOLDERS OF SOUNDVIEW HOME LOAN TRUST
2006-OPT2, ASSET-BACKED CERTIFICATES, SERIES 2006-OPT2,
A NATIONAL BANKING ASSOCIATION, Plaintiff-Appellee,
v.
YVONNE GARCIA, WINONA APUNA; MARSHALL ALAN MOTIA MINDORO;
and MELINA KANOALANI MINDORO, Defendants-Appellants
and
JOHN AND MARY DOES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 11-1-0258(3))


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Fujise and Reifurth, JJ.)

Defendant-Appellants Yvonne Garcia ("Garcia"), Winona Apuna, Marshall Alan Motia Mindoro, and Melina Kanoalani Mindoro (collectively known as the "Appellants") appeal from: 1) the Order Denying Defendants' Motion for Sanctions for Failure to Comply with an Order Compelling Discovery Filed September 3, 2013, filed on April 15, 2014 ("Order Denying Sanctions"); 2) the Order Granting Plaintiff Deutsche Bank National Trust Company, as Trustee for the Certificateholders of Soundview Home Loan Trust 2006-OPT2, Asset-Backed Certificates, Series 2006-OPT2, a National Banking Association's Motion for Summary Judgment and Writ of Possession Filed April 16, 2013, filed April 15, 2014 ("Order Granting Summary Judgment"); 3) the Writ of Possession, filed April 15, 2014 ("Writ"); 4) the Judgment for Possession, filed April 15, 2014 ("Judgment"); and 5) the Order Denying

Defendants' Motion to Reconsider the Court's (1) Order Denying Defendants' Motion for Sanctions for Failure to Comply with an Order Compelling Discovery, (2) Order Granting Plaintiff's Motion for Summary Judgment and Writ of Possession, and (3) Judgment for Possession Filed April 25, 2014, filed May 27, 2014 entered by the Circuit Court of the Second Circuit ("Circuit Court"),[1] which awarded Plaintiff-Appellee Deutsche Bank National Trust Company, as Trustee for the Certificateholders of Soundview Home Loan trust 2006-OPT2, Asset-Backed Certificates, Series 2006-OPT2, a National Banking Association ("Deutsche Bank") a writ of possession for the property located at 2127 Mokuhau Road in Wailuku, Hawaiʻi (the "Property").[2]

Appellants contend that the Circuit Court erred when it (1) granted Deutsche Bank's motion for summary judgment because the law of the case doctrine should have precluded the Circuit Court from doing so; (2) considered hearsay statements in order to determine that Deutsche Bank sufficiently proved that it complied with Hawaii Revised Statutes section 667-5; and (3) denied Appellants' motion for sanctions.

For the reasons set forth below, we vacate and remand.

I.   Brief Background

On February 23, 2006, Garcia executed and delivered to The Funding Group, Inc. ("Funding Group") an Adjustable Rate Note ("Note") for the Property.  On March 1, 2006, a Mortgage on the Property that was executed by the Appellants was recorded with the State of Hawaiʻi Bureau of Conveyances ("Bureau of Conveyances").

On February 24, 2006, Funding Group assigned the Mortgage to Option One Mortgage Corporation ("Option One"). Option One recorded the Assignment of Mortgage in the Bureau of Conveyances on July 5, 2006. On May 5, 2009, Sand Canyon Corporation, fka Option One ("Sand Canyon") assigned the Mortgage to Deutsche Bank, who duly recorded an Assignment of Mortgage in

_____

[1]     The Honorable Joseph E. Cardoza presided.

[2]     The Property is also known as 385 Lakee Place, Wailuku, Hawaiʻi 96793.

the Bureau of Conveyances on May 20, 2009.

Deutsche Bank executed a Notice of Mortgagee's Intention to Foreclose Under Power of Sale ("Foreclosure Notice") on May 19, 2009, and recorded it in the Bureau of Conveyances on May 20, 2009. The Foreclosure Notice stated that the foreclosure sale was scheduled for July 22, 2009.

Deutsche Bank postponed the foreclosure sale until January 4, 2010. On January 4, 2010, Deutsche Bank proceeded with the foreclosure sale, and with no other bidders, purchased the Property with a credit bid of $295,200.00. On January 14, 2010, Deutsche Bank recorded the Mortgagee's Affidavit of Foreclosure Under Power of Sale ("Affidavit of Foreclosure") in the Bureau of Conveyances. The Affidavit of Foreclosure states, among other things, that the Property was sold to Deutsche Bank for $295,200.00, which was the highest bid at the sale. On March 23, 2010, Deutsche Bank recorded a Mortgage's Quitclaim Deed Pursuant to Power of Sale with the Bureau of Conveyances which was executed on January 4, 2010 and which conveyed the Property from Deutsche Bank, as the foreclosing mortgagee, to Deutsche Bank, as the purchaser at the non-judicial foreclosure auction.

On May 13, 2011, Deutsche Bank filed a Complaint for Ejectment against the Appellants in Circuit Court. On April 5, 2012, Deutsche Bank filed its motion for summary judgment and writ of possession. On July 12, 2012, Appellants served Deutsche Bank with their first request for production of documents. On November 14, 2012, Appellants filed Defendants' Motion (1) to Compel Plaintiff to Produce Documents and Answer Interrogatories and (2) for Attorney's Fees and Costs ("Motion to Compel")

On December 17, 2012, the Circuit Court entered an Order Denying Plaintiff's Motion for Summary Judgment and Writ of Possession, an Order Denying Plaintiff's Motion for a Protective Order as to Defendants' First Request for Answers to Interrogatories to Plaintiff and Defendants' First Request for Production of Documents, and an Order Granting in Part and Denying in Part Defendants' Motion (1) to Compel Plaintiff to Produce Documents and Answer Interrogatories and (2) for Attorney's Fees and Costs ("Order Compelling Discovery").

On January 17, 2013, Deutsche Bank submitted the Affidavit of Douglas Sameshima ("Sameshima Affidavit") to the Circuit Court.

On April 16, 2013, Deutsche Bank filed another motion for summary judgment and writ of possession. On September 3, 2013, Appellants filed Defendants' Motion for Sanctions for Failure to Comply with an Order Compelling Discovery ("Motion for Sanctions"). On April 15, 2014, the Circuit Court issued the Order Denying Sanctions, Order Granting Summary Judgment, the Writ, and the Judgment.

## II. Discussion

### A. Summary Judgment

Appellants contend that the Circuit Court erred when it granted summary judgment because Deutsche Bank did not meet its initial burden to produce evidence regarding its *prima facie* case.

We review the Circuit Court's grant or denial of summary judgment de novo. *Kondaur Capital Corp. v. Matsuyoshi*, 136 Hawai'i 227, 240, 361 P.3d 454, 467 (2015). "[S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* (quoting *Price v. AIG Hawaii Ins. Co.*, 107 Hawai'i 106, 110, 111 P.3d 1, 5 (2005)). "The moving party has the initial burden of 'demonstrating the absence of a genuine issue of material fact.'" *Id.* (quoting *Exotics Hawaii-Kona, Inc. v. E.I. Du Pont De Nemours & Co.*, 116 Hawai'i 277, 301, 172 P.3d 1021, 1045 (2007)). Only if the initial showing is satisfied, the burden shifts to the nonmoving party to provide "*specific facts showing that there is a genuine issue for trial.*" *Id.* at 241, 361 P.3d at 468 (quoting *Young v. Planning Comm'n of Cty. of Kauai*, 89 Hawai'i 400, 407, 974 P.2d 40, 47 (1999)).

To maintain an ejectment action in court, the plaintiff must (1) "'prove that [he or she] owns the parcel[] in issue,' meaning that he or she must have 'the title to and right of possession of' such parcel"; and (2) "establish that 'possession

4

is unlawfully withheld by another.'"  *Id.* (citations omitted). In *Kondaur*, the supreme court concluded that the only evidence produced by plaintiff with respect to the sale - an affidavit of sale prepared by their predecessor-in-interest's attorney - was insufficient under *Ulrich v. Security Investment Co.*, 35 Haw. 158 (Terr. 1939), which requires a showing that the foreclosure sale was conducted in a manner that was fair, reasonably diligent, and in good faith, and that an adequate price was procured for the property.  136 Hawaiʻi at 242-44, 361 P.3d at 469-471.  As a result, because Kondaur never met its initial burden of showing that the foreclosure sale was conducted in a manner that was fair, reasonably diligent, in good faith, and would obtain an adequate price for the property, the burden of summary judgment never shifted to the mortgagor to raise any genuine issue of material fact.  *Id.* at 243, 361 P.3d at 470.

*Kondaur* is dispositive in the instant case.  Here, Deutsche Bank was the foreclosing mortgagee and the purchasing highest bidder at the non-judicial foreclosure sale.  Thus, pursuant to *Kondaur* and *Ulrich*, Deutsche Bank had the initial burden to establish that the non-judicial foreclosure sale was conducted in a manner that was fair, reasonably diligent, in good faith, and that an adequate price was procured for the Property. *See JP Morgan Chase Bank, Nat'l Ass'n v. Benner*, 137 Hawaiʻi 326, 372 P.3d 358 (App. 2016).

The Affidavit of Foreclosure, and the Sameshima Affidavit, prepared by Deutsche Bank's attorney, were the only documents submitted to show the manner in which the sale was conducted.  Similar to the circumstances in *Kondaur*, Deutsche Bank did not make any declaration concerning the adequacy of the Property's purchase price.  Therefore, as in *Kondaur*, Deutsche Bank did not satisfy its initial burden of showing that the foreclosure sale was conducted in a manner that was fair, reasonably diligent, in good faith, and would obtain an adequate price for the Property.  In addition, as Appellants argue, the Sameshima Affidavit fails to comply with Hawaiʻi Rules of Civil Procedure Rule 56(e).

Because Deutsche Bank did not satisfy its initial burden for summary judgment, the burden never shifted to Appellants to raise a genuine issue of material fact. The grant of summary judgment in favor of Deutsche Bank was in error.

B.   Motion for Sanctions

Appellants also contend that the Circuit Court erred when it denied their Motion for Sanctions. However, we conclude that Appellants fail to show that the Circuit Court abused its discretion. *Ek v. Boggs*, 102 Hawai'i 289, 299, 75 P.3d 1180, 1190 (2003) ("The imposition of a sanction is generally within the discretion of the trial court.")

III. Conclusion

Based on the foregoing, we affirm the Circuit Court's Order Denying Sanctions, vacate the Judgment, and the order granting summary judgment, and remand the case for further proceedings consistent with this summary disposition order.

DATED:   Honolulu, Hawai'i, June 30, 2017.

On the briefs:

Gary Victor Dubin,
Frederick J. Arensmeyer, and
Daniel J. O'Meara
for Defendants-Appellants.

Charles R. Prather,
Sofia Hirosane McGuire, and
Steven Idemoto
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge

6